IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JASON CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00392-RSP |
| | § | |
| CITY OF JEFFERSON, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant City of Jefferson, Texas's ("Jefferson") Motion for Summary Judgment. **Dkt. No. 53**. As an initial matter, Plaintiff Jason Carroll timely filed his response to the motion in accordance with Local Rule CV-7(e) so the Court **DENIES** Jefferson's Objection to the response as untimely. *See* Defendant's Reply, Dkt. No. 71 at 1–2. In its motion, Jefferson seeks to eliminate two claims as a matter of law: (1) Plaintiff Jason Carroll's 42 U.S.C. § 1983 claim for violation of procedural due process under the Fourteenth Amendment; and (2) Mr. Carroll's claims that the City of Jefferson ("Jefferson") failed to follow the requirements of the Texas Open Meetings Act (the "Act").[1] For the following reasons, the Court **DENIES** the motion.

**I.  LAW**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

---

[1] At the May 30, 2023 pretrial conference hearing, counsel for Mr. Carroll confirmed he withdrew his First Amendment retaliation claims so that portion of the motion is now **MOOT**. *See* Plaintiff's First Amended Complaint, Dkt. No. 40 at 13–15 (Count One: Municipal Liability under 42 U.S.C. § 1983). In addition, the Court **DENIED** Mr. Carroll's Motion for Reconsideration (**Dkt. No. 67**), and Mr. Carroll's Rule 37 Motion (**Dkt. No. 64**) is now **MOOT** as withdrawn.

CIV. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). The standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact; and (2) the movant is entitled to judgment as a matter of law.

II.     ANALYSIS

A. There are Genuine Disputes of Material Fact as to Mr. Carroll's 42 U.S.C. § 1983 Claims for Violation of Procedural Due Process

Jefferson initially challenges Mr. Carroll's § 1983 claims for violation of procedural due process on three grounds: (1) the claims are barred by the statute of limitations;[2] (2) Mr. Carroll had no property interest in his continued employment under Texas Law;[3] and (3) the evidence of record demonstrates Jefferson met all due process requirements. Defendant's Motion, Dkt. No. 53 at 9–18.

In response to Jefferson's motion, Mr. Carroll shifts from focusing on a property interest in his continued employment with Jefferson alleged in the First Amended Complaint, to instead focusing on his liberty interest in his name and reputation. Plaintiff's Response, Dkt. No. 65 at 20–24 (emphasis added). While referring to a different constitutionally protected interest, he maintains

---

[2] Mr. Carroll's response rebuts the statute of limitations under the relation-back doctrine. Plaintiff's Response, Dkt. No. 65 at 17–20 (citing FED. R. CIV. P. 15(c)(1)(A), (B); Tex. Civ. Prac. Rem. Code § 16.068; *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994); and *J.K. and Susie L. Wadley Research Institute & Blood Bank v. Beeson,* 835 S.W.2d 689, 697 (Tex.App.-Dallas 1992)). Jefferson does not maintain its argument in its reply, and the Court finds that the relation-back doctrine applies.

[3] Mr. Carroll's response and sur-reply discuss Mr. Carroll's liberty interest in his name and reputation for employment generally, rather than a property interest in his continued employment with the City. Further, the parties stipulated that "Plaintiff Carroll was an employee at-will with the Defendant City." Joint Pretrial Order, Dkt. No. 91 at 7. Accordingly, the issue as to whether he had a property interest in his continued employment as the Police Chief of the City of Jefferson is now moot.

that Jefferson deprived him of procedural due process when it constructively discharged him and subsequently denied him a name-clearing hearing. Plaintiff's Response, Dkt. No. 65 at 17–24.

The Fifth Circuit "employs a seven-element stigma-plus-infringement test to determine whether § 1983 allows a government employee a remedy for deprivation of liberty without notice or the opportunity for a name-clearing hearing." *Bellard v. Gautreaux*, 675 F.3d 454, 461–62 (5th Cir. 2012).

> The plaintiff must show: (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request."

*Id.* at 462. First, Jefferson argues that Mr. Carroll failed to plead this cause of action. Defendant's Reply, Dkt. No. 71 at 4. The Court finds that while Mr. Carroll pleaded a broader constitutionally protected interest, Mr. Carroll clearly alleged that Jefferson denied him a "legal right to a hearing." First Amended Complaint, Dkt. No. 40 at 15–16. Further, the core factual allegations remain the same and those set forth the claimed injury to his name and reputation. *See id.* at 15–17. Mr. Carroll has also stipulated that he was an employee at-will to instead focus on his name and reputation. Joint Pretrial Order, Dkt. No. 91 at 7.

Second, Jefferson argues that Mr. Carroll failed to provide any evidence to support his claims. Defendant's Reply, Dkt. No. 71 at 4. However, Mr. Carroll does provide evidence to support his claims. *See e.g.,* Affidavit of Jason Carroll, Dkt. No. 65-15 at ¶¶ 2, 6; Carroll 8/16/21 Dep. Tr., Dkt. No. 65-3 at 159:12–22; Perot 4/30/21 Dep. Tr., Dkt. No. 65-4 at 128:7–129:9; McKinnon 5/5/21 Dep. Tr., Dkt. No. 65-5 at 14:2–9, 51:10–16, 98:5–20; Braddock Open Session Speech, Dkt. No. 65-6. This is evidence from which a reasonable jury could find that he was constructively discharged during the closed session by being presented with a choice to either

3

resign or be terminated by vote. Similarly, Mr. Carroll provides evidence that could establish the remaining six elements of the stigma-plus-infringement test. Thus, there are genuine disputes of material facts for the jury to resolve and summary judgment is improper as to Mr. Carroll's § 1983 claims for violation of procedural due process.

### B. There are Genuine Disputes of Material Fact as to Mr. Carroll's Claims that the City of Jefferson Violated the Texas Open Meetings Act

Jefferson also challenges Mr. Carroll's claims that Jefferson violated the Texas Open Meetings Act on three grounds: (1) the notice provided was sufficient to satisfy the requirements of the Act;[4] (2) to the extent the notice was deficient, only actions taken in violation of the Act are voidable; and (3) the Jefferson City Council did not take any improper action. Defendant's Motion, Dkt. No. 53 at 18–29.

In the First Amended Complaint, Mr. Carroll alleges violations under multiple sections of the Act, including:

(1) **§ 551.041** (Notice of Meeting Required);
(2) **§ 551.071** (Consultation with Attorney);
(3) **§ 551.074(a)(1)** (Personnel Matters; Closed Meeting);
(4) **§ 551.101** (Requirement to First Convene in Open Meeting); and
(5) **§ 551.142** (Mandamus; Injunction)

*See* First Amended Complaint, Dkt. No. 40 at 17–19. In response to Jefferson's motion, Mr. Carroll argues that Jefferson violated the Act in three separate ways: (1) Jefferson failed to

---

[4] Mr. Carroll's response states that the Act demands municipal governing bodies to concurrently post notice of a meeting on the governing body's internet website in addition to the other place at which notice is required to be posted. Plaintiff's Response, Dkt. No. 65 at 8 (citing Tex. Gov't Code § 551.043), 551.056(b). In its reply brief, Jefferson does not maintain that its notice was legally sufficient, and instead shifts focus to (1) whether the city took any "action" and (2) whether any such "action" would be affected by a deficient notice under the Act. *See* Defendant's Reply, Dkt. No. 71 at 5–7. Regardless of whether Jefferson conceded its argument, the plain language of the Act requires electronic notice. Tex. Gov't Code § 551.056(b) ("In addition to the other place at which notice is required to be posted by this subchapter, the following governmental bodies and economic development corporations must also concurrently post notice of a meeting on the Internet website of the governmental body or economic development corporation: (1) a municipality;")

properly identify the sections of the Act before engaging in closed session; (2) the notice of the June 22, 2020 meeting was deficient under the Act; and (3) the City Council constructively terminated him during closed session. Plaintiff's Response, Dkt. No. 65 at 5–16. Mr. Carroll maintains that the effect of those violations voids any action taken at the June 22, 2020 meeting, including constructively terminating of Mr. Carroll. *Id.* at 17.

"Actions" taken by a governmental body in violation of the Act are voidable. Tex. Gov't Code § 551.141. *Compare Point Isabel Indep. Sch. Dist. v. Hinojosa,* 797 S.W. 2d 176 (Tex. App.-Corpus Christi 1990), *writ denied* (Jan. 23, 1991) (voiding decisions to hire principals at meeting while leaving intact decisions to hire librarian, teachers, and part-time counselor because notice of school board meeting stating "employment of personnel" sufficient under the Act for latter, but not the former) *with Smith Cnty. v. Thornton*, 726 S.W.2d 2, 2 (Tex. 1986) (voiding all actions at Monday meeting because notice posted on courthouse bulletin board Friday morning before meeting was not "readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting" as required by the Act since the only access was through Sheriff's office in basement of building).

"The Act does not prohibit the expression of opinions in a closed session, as long as the actual vote or decision is made in an open session." *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 485 (Tex. App. 2004) (quoting *Thompson v. City of Austin,* 979 S.W.2d 676, 685 (Tex.App.-Austin 1998, no pet.)); *see also* Tex. Gov't Code § 551.102.

A full review of the briefing reveals that the central issue is whether the city council took "action" in violation of the Act during its closed-session discussion on June 22, 2020. Neither party cites case law to address this specific issue. Jefferson contends that the closed session merely involved allowable "expressions of opinions" and any vote or action occurred during open session.

5

Mr. Carroll argues that the city council took "action" in violation of the act because he was presented with an ultimatum to either resign or be voted out during the closed session discussions. In addition, Mr. Carroll provides evidence for which a reasonable jury could find that the city council's discussion of the ultimatum amounted to an improper "action" under the Act. Accordingly, genuine disputes of material fact exist that cannot properly be decided on summary judgment.

### III. CONCLUSION

For the reasons previously discussed, genuine disputes of material fact exist as to both Mr. Carroll's procedural due process claims and his claims under the Texas Open Meetings Act. Accordingly, the Motion for Summary Judgment (Dkt. No. 53) is **DENIED**.

**SIGNED this 2nd day of June, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE