IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JASON CARROLL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF JEFFERSON, ET. AL., <br><br> Defendants. | Civil Action No. 2:21-cv-00392 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF REGARDING CLAIM FOR LOST INCOME DAMAGES**

Now comes Plaintiff Jason Carroll, filing this Response to Defendant's Brief Regarding Plaintiff's Claim for Lost Income Damages, and respectfully shows as follows:

**I. INTRODUCTION**

Defendant's argument that the City of Jefferson, Texas is immune from paying the Plaintiff back pay or salary owed fails for two reasons. First, the Act expressly waives immunity under the Open Meetings Act and therefore is sufficient to overcome Defendant's argument. Second, case precedent has established that violations of the Act entitle a Plaintiff to back pay until the Defendant has called a legal quorum and voted on the subject legally.

Moreover, by a scratch under the eye and a rub of the lips, the Defendant will be completely foreclosed to show that the Government was exercising good faith and that the government body had a reasonable basis in law for their conduct towards and concerning the Plaintiff.

**II. ANALYSIS**

   a. Sovereign Immunity

The Open Meetings Act expressly waives sovereign immunity for violations of the act. *See* Tex. Gov't Code Ann. § 551.142 (West 1994). Hays County does not urge a different interpretation of this section, but instead argues that HCWPP is attempting to use the Open Meetings Act improperly to "challenge the actions of an individual member of a commissioners court who has allegedly taken action that is inconsistent with that which [sic] commissoners court has done. The [Open Meetings Act] does not waive immunity by creating a cause of action or otherwise permitting a legal challenge of this type." *Hays County v. Hays County Water Planning Partnership*, 69 S.W.3d 253, 257 (Tex. App. 2002)

  b. <u>Backpay under Texas Open Meetings Act</u>

In *Town of Shady Shores v. Swanson*, the court of appeals held that the Open Meetings Act did not waive the Town's immunity from the Plaintiff's claim for back pay. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 438 (Tex. 2019). Moreover, in *Piazza v. City of Granger*, the court held that a police officer illegally terminated in violation of the Act was entitled to full back pay. *Piazza v. City of Granger*, 909 S.W.2d 529, 534 (Tex. App. 1995). The court stated that, "[w]e have previously held that an employee illegally terminated in violation of the Open Meetings Act is entitled to injunctive relief in the form of reinstatement, back pay, and benefits for the period of time between the illegal and legal terminations." *Id*. at 534. Finally, in *Ferris v. Texas Bd. of Chir. Examners*, the Defendant was ordered to pay back pay for the time that elapsed between the Board's initial illegal attempts to terminate her and the date on which she was lawfully terminated. *Ferris v. Texas Bd. of Chir. Examners*, 808 S.W.2d 514, 515 (Tex. App. 1991)

In this case, the Defendant, City of Jefferson, has still not conducted a legal hearing to vote on the acceptance of the Plaintiff's resignation. The testimony elicited during the trial made it clear that the City of Jefferson, votes to accept Police Chief's resignation.

## III. CONCLUSION

Defendant's argument that the City of Jefferson, Texas is immune from paying the Plaintiff back pay or salary owed fails and the Plaintiff is entitled to back pay and attorneys' fees.

DATED: July 3, 2023.

Respectfully Submitted,

**/S/ NICHOLAS TESTA**
NICHOLAS J. TESTA
SBN: 24086845 (TX.)
121 W. AUSTIN ST.
JEFFERSON, TEXAS 75657
903.665.2000 PHONE
877.780.9052 TOLL-FREE
832.779.8470 FAX
TESTA@TESTALAWGROUP.COM
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that lead counsel on July 3, 2023.   was served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.