IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JASON CARROLL, | § |
| *Plaintiff*, | § § § |
| v. | §   CIVIL ACTION NO. 2:21-CV-00392-RSP |
| CITY OF JEFFERSON, TEXAS, et al., | § § § |
| *Defendants*. | § |

## MEMORANDUM ORDER

Before the Court are three motions: (1) Defendant City of Jefferson, Texas's ("Jefferson") Combined Renewed Motion for Judgment as a Matter of Law and Motion for Amended Judgment Notwithstanding Verdict (**Dkt. No. 113**); (2) Plaintiff Jason Carroll's Motion to Alter or Amend Judgment to Include Prejudgment Interest and Void June 22, 2020, Council Meeting (**Dkt. No. 111**), and Plaintiff Jason Carroll's Motion for Attorney Fees and Costs (**Dkt. No. 112**).

For the following reasons, the Court **GRANTS** Jefferson's Motion in part (Dkt. No. 113), **GRANTS** Mr. Carroll's Motion for Attorney Fees in part (Dkt. No. 112), and **GRANTS** Mr. Carroll's Motion to Alter or Amend Judgment in part (Dkt. No. 111).

### I.   BACKGROUND

Jason Carroll is the former Police Chief of the City of Jefferson, Texas. Mr. Caroll lost his job following events that transpired at a Jefferson City Council meeting on June 22, 2020. Asserting that he was wrongfully discharged, Mr. Carroll filed this action in state court. On October 21, 2021, the Texas state court proceedings were removed to this Court. Mr. Carroll's legal claims were amended several times during pretrial proceedings, but ultimately resulted in two causes of action involving factual disputes that were presented at trial to a jury. The first cause

1

of action included 42 U.S.C. § 1983 claims for violation of Procedural Due Process concerning Mr. Carroll's right to have a name-clearing hearing in connection with his termination by Jefferson. The second cause of action alleged that Jefferson discharged Mr. Carroll as its Police Chief in violation of the Texas Open Meetings Act ("TOMA").

Following trial, the jury found that (1) Jefferson discharged Mr. Carroll, (2) he was not denied a name clearing hearing, and (3) he was discharged in a manner that violated TOMA. Dkt. No. 107 at 2. Based on its findings, the jury awarded Mr. Carroll a total of $50,000.00 in the form of past wages and benefits. *Id.* at 3.

Jefferson now challenges the jury's award of monetary relief as not an authorized form of relief under TOMA. In response, Mr. Carroll contends that the jury's award of past wages is consistent with prior precedent regarding TOMA. Mr. Carroll additionally requests that the Court void the June 22, 2020, Council Meeting, and award him prejudgment interest as well as attorneys' fees and costs.

**II.     LAW**

Upon a party's renewed motion for judgment as a matter of law following a jury verdict, the Court asks whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." FED. R. CIV. P. 50(b); *Am. Home Assur. Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004). The Fifth Circuit "grants great deference to a jury's verdict and will reverse only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004) (citing *Dahlen v. Gulf Crews, Inc.,* 281 F.3d 487, 497 (5th Cir.2002)).

In evaluating a motion for judgment as a matter of law, a court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 451 (5th Cir. 2013) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

While great deference is owed to the jury's findings of fact, the court has a duty to revisit legal issues if they are material. Rule 50(b) provides that "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Jefferson did move under Rule 50(a) for judgment as a matter of law at the close of the evidence. Accordingly, the legal basis for the jury's verdict is now before the Court.

III.    ANALYSIS

The threshold issue is whether backpay qualifies as "money damages," and is therefore unavailable against a municipality under the doctrine of governmental immunity. Applying an *Erie* guess, the Court holds that backpay for a period following a voided termination is "money damages" for purposes of governmental immunity.

Since the jury found that there was no due process violation, the jury's award was based solely on the state law claim under TOMA. When federal courts are called upon to resolve a dispute not directly implicating a federal question, they must apply state substantive law. *Erie R.R. Co. v.*

3

*Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997) (applying *Erie* doctrine in diversity jurisdiction). This case concerns the Texas Open Meetings Act so Texas law applies. Where, as here, there is no code provision or Texas Supreme Court case directly on point, the court must make an "*Erie* guess." *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 206 (5th Cir. 2007).

In making an *Erie* guess, the Court must not act to "alter existing law or to change direction." *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir. 1986) (*en banc*) (overruled, in part, on other grounds). Rather, when making an *Erie* guess, the court must determine, in its best judgment, how the state's highest court would resolve the issue if presented with the same case. *See Weatherly v. Pershing, L.L.C.*, 945 F.3d 915, 920 (5th Cir. 2019). To inform the *Erie* guess, courts rely on (1) decisions of the state supreme court in analogous cases, (2) the rationales and analyses underlying state supreme court decisions on related issues, (3) *dicta* by the state supreme court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which state courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries. *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 765 n.5 (5th Cir. 2018) (citing *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998)).

The relevant provisions of TOMA include Sections 551.141 (actions taken in violation of TOMA are voidable), 551.142 (mandamus or injunction to reverse a violation, including an assessment of costs and reasonable attorney fees), and 551.146 (providing damages as relief for disclosing a certified agenda or recording of closed meeting). The last section is relevant simply to show that the legislature specified "actual damages" when making such damages available as relief.

4

Jefferson contends that Sections 551.141–551.142 of TOMA expressly limit the remedies available to injunction, mandamus, and a declaration that any final action taken in violation of TOMA is void. Dkt. No. 113 at 7. Accordingly, Jefferson argues that there is no waiver of governmental immunity for backpay or other money damages under the relevant sections of TOMA. *Id.* at 8. The Court agrees.

Several older Texas Court of Appeals decisions have held that injunctive relief under the Texas Open Meetings Act includes backpay. *Piazza v. City of Granger*, 909 S.W.2d 529, 534 (Tex. App.-Austin 1995) ("We have previously held that an employee illegally terminated in violation of the Open Meetings Act is entitled to injunctive relief in the form of reinstatement, back pay, and benefits for the period of time between the illegal and legal terminations"); *id.* at 535 ("We also conclude that Piazza is entitled to an award of his attorney's fees and costs as authorized by the Open Meetings Act."); *Ferris v. Texas Bd. of Chiropractic Examiners*, 808 S.W.2d 514, 516 (Tex. App.-Austin 1991) (holding that a governmental employee illegally terminated in violation of the Open Meetings Act, but later properly terminated in compliance with the Act, is entitled to "injunctive relief allowing her reinstatement, back pay and benefits for the period of time between the illegal and legal terminations"), *writ denied* (Oct. 23, 1991).

Nevertheless, more recent decisions by the same court have held that backpay is "money damages" that implicates governmental immunity. *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 635 (Tex. App.-Austin 2007). Accordingly, Texas courts have denied back pay as a form of relief for TOMA violations because "TOMA does not waive immunity for such a claim." *Town of Shady Shores v. Swanson*, 544 S.W.3d 426, 438 (Tex. App.-Ft. Worth 2018), *rev'd in part*, 590 S.W.3d 544 (Tex. 2019). While the Texas Supreme Court did not reach the portion of the Court of Appeals' holding noted above (because that part was not appealed), the Court did hold that

5

TOMA "contains a limited waiver for suits seeking certain types of relief and is thus properly read to authorize only those types of relief." *Id*., 590 S.W.3d at 555. Nothing in the Supreme Court's opinion suggests to this Court that the Supreme Court would disapprove of the Court of Appeals' holding that backpay is not within the scope of the waiver of governmental immunity in TOMA.

Reviewing these more recent cases, it now appears that the "injunctive relief" authorized by TOMA does not include backpay. *Swanson*, 544 S.W.3d at 438. Texas courts may consider pay for time actually spent working in the job, but not paid, to be a form of declaratory relief that does not implicate governmental immunity. However, backpay for work that was not actually performed, due to an improper discharge, is a form of money damages not available without an express waiver of governmental immunity. *Town of Shady Shores*, *supra*., 544 S.W.3d at 438. Since TOMA does not waive immunity for a claim of past wages and benefits, Mr. Carroll cannot recover damages on that basis. Consequently, Jefferson's Renewed Motion for Judgment as a Matter of Law (**Dkt. No. 113**) is **GRANTED** to the extent that the $50,000.00 award from the jury is set aside in its entirety.

The second issue, which is presented by Carroll's motion to alter or amend the judgment, is whether to reverse Jefferson's termination of Mr. Carroll in violation of TOMA. Counsel for Mr. Carroll represented during pretrial arguments that Mr. Carroll did not desire reinstatement. However, the Amended Complaint filed on January 31, 2023 (Dkt. No. 40 at 19), clearly prays for reinstatement by way of mandamus and injunction. Furthermore, during argument on the post-trial motions, counsel represented that Mr. Carroll did, in fact, desire reinstatement, even though he concedes that Mr. Carroll could, and likely would, be promptly terminated again. Importantly, there is currently another Police Chief already occupying Carroll's former position.

The Court finds, in the exercise of its discretion for equitable relief, that it would be unduly disruptive of Jefferson's municipal administration to reinstate Mr. Carroll to his former post as chief. Consequently, the Court declines to reinstate Mr. Carroll as Police Chief. However, the jury finding that his termination was in violation of TOMA must be given proper effect. Accordingly, under Section 551.141 the June 22, 2020, termination is hereby voided[1], and under Section 551.142 the termination is reversed and Jefferson is hereby **ORDERED** to reinstate Mr. Carroll to the police force as an officer effective as soon as he reports for duty, at the salary and benefits he was receiving at the time of his termination.

The third issue is whether attorney fees are warranted. Section 551.142(b) provides that "the court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails in an action under Subsection (a)." Mr. Carroll did "substantially prevail" on the TOMA claim. However, the award should be limited to the fees directly related to the time spent on the TOMA claim. Counsel for Mr. Carroll requests $358,807.25 in attorneys' fees, which the Court finds is manifestly unreasonable even for the entire scope of claims made during the life of the litigation, let alone for the sole claim on which Plaintiff prevailed. Furthermore, the request does not include an itemization to allow the Court to determine the time relating to the TOMA claim, and the reasonableness and necessity of the services rendered. The request also includes significant time by an attorney who did not appear in this action and 600 hours of clerical time, much of which apparently should be part of the overhead that justifies an hourly rate of the type claimed. Additionally, the Court recognizes that counsel for Mr. Carroll devoted a substantial portion of his time to a First Amendment claim that was

---

[1] Inherent in the jury's finding that Mr. Carroll was discharged is the finding that he did not effectively resign the evening of the City Council meeting (June 22, 2020) or the next day when he wrote the letter testified about at the trial.

unsupported and was dismissed before trial. Consequently, the Court awards Mr. Carroll $75,000.00 in attorneys' fees and expenses, together with costs of court.

### IV. CONCLUSION

An Amended Judgment will be entered in conformity with the foregoing ruling.

**SIGNED this 1st day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE